UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH CHENOWETH,

    Plaintiff,

v.                                                 Case No.:  2:19-cv-450-FtM-38UAM

COSTCO WHOLESALE
CORPORATION,

    Defendant.
_____/

## ORDER[1]

Before the Court is Defendant Costco Wholesale Corporation's Notice of Removal. (Doc. 1).  Plaintiff Deborah Chenoweth sued Costco for negligence in state court.  (Doc. 1-2).  Costco then removed the case to this Court citing diversity jurisdiction as the basis for subject matter jurisdiction.  (Doc. 1 at 2).

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Original jurisdiction exists where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a).  The removing party must

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

prove jurisdiction at the time of removal. See *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts construe the removal statutes strictly and resolve all doubts about jurisdiction in favor of remand to the state court. *Id.* "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999) (internal quotations omitted).

Costco's diversity allegations give the Court pause. In the Notice of Removal, Costco claims that the parties are diverse because "Susan Naumiec is a citizen of the state of Florida" and "Costco is a citizen of the state of Washington." (Doc. 1 at 2). But the Complaint does not list Susan Naumiec as a party. If Naumiec and Costco are the correct parties, then Costco attached the wrong Complaint. If Chenowith and Costco are the correct parties, then the Notice of Removal does not establish original jurisdiction. See *Rising Star Roofing, LLC v. Wilshire Ins. Co.*, No. 6:19-cv-1043-Orl-31TBS, 2019 WL 2724031, at *1 (M.D. Fla. July 1, 2019) (The burden is on the defendant "to prove that federal jurisdiction exists by a preponderance of the evidence.").

Costco's errors also raise questions about the timeliness of removal. A defendant has thirty days after the plaintiff serves the complaint to file a notice of removal. 28 U.S.C. § 1446(b). Costco claims that it acted timely because "Susan Naumiec served Costco Wholesale Corporation with the Complaint on May 30, 2019." (Doc. 1 at 2). Again, Naumiec does not appear to be a party. And the Court cannot assume a mere

2

typographical error because the attached exhibits certify that Chenowith served Costco on April 18, 2019 and April 23, 2019.  (Doc. 1-1 at 14, 17-18).  If the certificates of service are accurate, the Notice of Removal is not timely under 28 U.S.C. § 1446(b).

Accordingly, it is now

**ORDERED:**

Defendant Costco Wholesale Corporation must **AMEND or SUPPLEMENT** the Notice of Removal on or before **July 19, 2019**, to correct the defects identified in this Order and show cause why this case should not be remanded for lack of subject matter jurisdiction.  Failure to comply with this Order will result in remand of this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of July, 2019.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record